*1111 OPINION.
Trammell :
It was contended by the petitioner, first, that the sale to the Woolworth Company was not a closed or completed transaction and that no taxable profit should be computed thereon until the cost price of the property was received; second, that the undertaking of the Woolworth Company did not have a readily realizable market value; and, third, that, if it had a readily realizable market value, it would have been so low as to justify no additional tax.
The petitioner relies upon the following provisions of the Revenue Act of 1921:
Sec. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1918, shall be the cost of such property * * *.
* * * * * sfc *
(c) For the purposes of this title, on an exchange of property, real, personal, or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value * * *.
(d) (1) Where property is exchanged for other property and no gain or less is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor, except as provided in subdivision (e) * * *.
(e) Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess * * *.
(f) Nothing in this section shall be construed to prevent (in the case of property sold under contract providing for payment in installments) the taxa *1112 tion of that portion of any installment payment representing gain or profit in tlie year in which such payment is received.
Tlie provision of the statute that where property is exchanged for other property no gain or loss is recognized unless the property received in" exchange has a readily realizable market value, is applicable only to exchanges of property and not to sales.- Where property is sold for a cash payment and certain deferred payments evidenced by notes or otherwise, the transaction is not considered an exchange of property but is a sale of property. See Five Per Cent. Cases, 110 U. S. 471; Washington v. Ogden, 1 Black 450; Williamson v. Berry, 8 How. 495. The statutory provision relating to exchanges is not, in our opinion, applicable to this case where property is sold on such a basis that the notes or obligations to make deferred payments are the equivalent of cash or have a market value and the transaction results in taxable gain based on the difference between the cost of the property (it having been acquired subsequent to March 1,1913,) and the amount of cash received added to the market value of the securities or purchase-price obligations. There was some testimony introduced to the effect that the obligations of the Woolworth Company to make the deferred payments were, under the circumstances, not worth more than 50' per cent of the face amount thereof. We are not convinced, however, from this testimony that these obligations were worth anything less than their face value. They bore 6 per cent interest and could have been paid in full under the agreement during January or July prior to the maturity date and they were, in fact, paid in full with interest in 1926.

Judgment will l)e entered on 15 days’ notice, under Rule 50.